UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE T. COUMARIS,                    :
                                       :
        Petitioner,                    :
                                       :
    v.                                 :    Criminal No. 01-438 (GK)
                                       :    Civil No. 04-405 (GK)
UNITED STATES OF AMERICA,              :
                                       :    **FILED**
        Respondent.                    :
                                       :    OCT 0 7 2009
_____

                                            Clerk, U.S. District and
             MEMORANDUM OPINION             Bankruptcy Courts

        This matter comes before the Court on Petitioner's Motion

Under 28 U.S.C. § 2255 to Vacate Conviction and Set Aside Sentence

[Dkt. No. 162].  Petitioner George T. Coumaris, through counsel,

seeks to vacate his conviction and set aside his sentence, arguing

that his trial counsel was ineffective.  Upon consideration of the

Motion, Opposition, Reply, and the entire record herein, and for

the reasons stated below, Petitioner's Motion is **denied.**

**I. BACKGROUND**

        The Petitioner was arrested on November 9, 2001, on charges of

conspiracy in violation of 18 U.S.C. § 371.  Attorney Bruce Johnson

entered his appearance for the Petitioner the same day.  The

indictment alleged that the Petitioner conspired to assist

Christopher Jenkins in avoiding arrest for parole violations

committed in Virginia by using fraudulent identification documents.

A jury trial was held between October 24 and November 1, 2002. The jury found the Petitioner guilty of conspiracy.[1]  On February 27, 2003, this Court sentenced the Petitioner to 48 months incarceration, three years supervised release, and a fine of $5000.

The Court of Appeals affirmed the Petitioner's conviction, United States v. Coumaris, 399 F.3d 343 (2005), but remanded for re-sentencing in conformity with United States v. Booker, 543 U.S. 220 (2005).  This Court re-sentenced the Petitioner according to its original sentence, and the Court of Appeals upheld the Petitioner's sentence.  United States v. Coumaris, No. 05-3115, 2006 WL 2828872 (D.C. Cir. Sept. 22, 2006).  On July 8, 2006, the Petitioner filed his motion under 28 U.S.C. § 2255 to vacate his conviction and set aside his sentence.

## II.  ANALYSIS

Petitioner alleges that his trial counsel was constitutionally ineffective on several grounds:[2] (1) counsel was unprepared for trial and did not properly cross-examine Government witnesses; (2) counsel failed to investigate potential evidence of police bias;

---

[1]    The Petitioner was also charged with aiding and abetting identification fraud in violation of 18 U.S.C. §§ 1028(a)(7), (d)(4), and aiding and abetting social security fraud in violation of 42 U.S.C. § 408(a)(7)(B). The Court declared a mistrial on these counts as the jury could not reach a verdict on them.

[2]    The Petitioner's pro se § 2255 motion raised a number of other issues including prosecutorial misconduct, judicial bias, and use of improper evidence, which the Government responded to in its Opposition.  However, the corrected Motion filed through counsel only included the ineffective assistance of counsel claim.

-2-

and (3) counsel  prejudiced Petitioner in the eyes of the Court by failing to notify him of the need to return to court.

To determine whether counsel was constitutionally ineffective, the Court follows the two-pronged test laid out in Strickland v. Washington, 466 U.S. 668, 687 (1984).  First, a defendant must show counsel's performance was so deficient that the representation "fell below an objective standard of reasonableness under prevailing professional norms." United States v. Gwyn, 481 F.3d 849, 853 (D.C. Cir. 2007) (restating Strickland's test).  Second, this deficiency must have prejudiced the defense such that "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id.  A court does not have to address both components of the inquiry if the defendant makes an insufficient showing on one of them.  Strickland at 697.  Here, the Petitioner failed to meet either prong of the Strickland test.

### A.   Counsel's Representation Did Not Fall Below an Objective Standard of Reasonableness.

The Petitioner argues that his trial counsel was unprepared because he did not have enough time to review discovery materials and did not follow up on suggestions given by the Petitioner's private investigator.  On the first day of trial, counsel asked for a three-week continuance, stating that he did not have enough time to review material received the day before.  This Court granted a one-day continuance and also noted that several witnesses would not

-3-

testify until after the weekend.  In his Affidavit submitted for this Motion, trial counsel stated "the  continuance granted by the Court was sufficient for me to thoroughly review the material provided by the government and I was fully prepared for trial when it began."  Aff. of Bruce Johnson, Oct. 19, 2006 ("Johnson Aff."), at 3 (Ex. A to Respondent's Opp. Mot.).   See also United States v. Hooker-Hankerson, 511 F.3d 164, 165 (D.C. Cir. 2007) (holding that the defendant was not deprived of effective assistance of counsel by the court's denial of continuance motion).  Additionally, under the second Strickland prong, the Petitioner cannot point to any "identifiable prejudice that is material or substantial in nature" that resulted from the partial denial of the continuance request. United States v. Gantt, 140 F.3d 329, 295 (D.C. Cir. 1998).

As for counsel failing to follow up on possible leads suggested by Petitioner's private investigator, that argument bears on the type of trial strategy towards which courts must be "highly deferential."  United States. v. Weathers, 493 F.3d 229, 234 (D.C. Cir. 2007).  Indeed, counsel noted he did not pursue all of the offered suggestions because he did not believe that they would be fruitful or lead to admissible evidence. Johnson Aff. at 2.  A conviction should not be overturned "simply because the defendant has teasingly suggested that there may be facts out there that his trial counsel could have discovered and that would have helped his case."  United States v. Askew, 88 F.3d 1065, 1073 (D.C. Cir. 1996).  The Petitioner also argues that counsel did not effectively

-4-

cross-examine Jenkins by failing to demonstrate Jenkins' bias, that Jenkins' version of events had changed, and that Jenkins had access to materials he used to make the fake identification documents without the Petitioner's help.

The trial record does not support these claims. Counsel questioned Jenkins on his motives to lie and got Jenkins to admit that he was angry at the Petitioner for giving the police information which led to his arrest and wanted to get back at the Petitioner for turning him in. Tr. at 32, 39 (Oct. 28, 2002). Counsel also got Jenkins to admit that he had used fraudulent identification prior to meeting the Petitioner. Id. at 24-26. Additionally, counsel questioned Jenkins about prior drug and alcohol use, his prior criminal record, and his cooperation agreement with the Government. Id. at 14-42. Jenkins admitted that he had lied to his probation officer and that in order to be a successful "hustler," he had to be good at manipulating people. Id. at 14-23.

Given that "it is all too tempting for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable," Strickland, 466 U.S. at 689, counsel's cross-examination of Jenkins was well within the bounds of objectively reasonable behavior. See also Henderson v. Noris, 118 F.3d 1283, 1287 (8th. Cir. 1997) ("There are a few, if any, cross-examinations that could not be improved upon.  If that were the standard of constitutional

effectiveness, few would be the counsel whose performance would past muster.").

Next, the Petitioner argues that counsel failed to investigate evidence that the Government unfairly targeted the Petitioner because of his history as a neighborhood activist who often made accusations of police misconduct. When a convicted defendant seeks to overturn a jury verdict based on inadequate investigation by counsel, courts should insist that the defendant "show to the extent possible precisely what information would have been discovered through further investigation." United States v. Askew, 88 F.3d 1065, 1073 (D.C. Cir. 1996).

On February 20, 2002, counsel made a Motion for Discovery of Metropolitan Police Department documents concerning complaints against Third District officers' derogatory comments about homosexuals and any investigations stemming from the Petitioner's accusations of corruption. On July 10, 2002, this Court granted the Motion as to any statements of bias against homosexuals or against the Petitioner personally that officers involved in preparing the case had made. Tr. at 8 (July 10, 2002). Additionally, no Third District officers even testified at the trial, and the only MPD officer who the Government called was a records custodian. The Petitioner maintains that counsel should have pursued the bias investigation further, by using Freedom of Information Act requests to find complaints against individual officers. It is not at all clear that any further investigation

-6-

would have turned up additional admissible evidence of bias other than what was already covered under counsel's Motion. Thus, counsel's performance was not deficient regarding failure to investigate police bias.

In summary, the record indicates that counsel filed numerous pre-trial motions to compel production of documents (some of which this Court ordered produced), presented the  testimony of seven witnesses, and adequately argued on behalf of the Petitioner in his opening statement and closing argument.  As "the bar of objective reasonableness is set rather low," requiring errors so serious that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," United States v. Hurt, 527 F.3d 1347, 1356 (D.C. Cir. 2008), the Petitioner's trial counsel more than fulfilled his responsibilities under the first Strickland prong.

## B.   Counsel's Representation Did Not Prejudice Petitioner Even if It Was Deficient.

Even if counsel's representation was deficient, Petitioner suffered no prejudice as a result.  The second prong of the Strickland test requires Petitioner to show that counsel's deficient performance actually prejudiced him. Strickland, 466 U.S. at 694.  Actual prejudice against the Petitioner is presumed in only a "very narrow range of situations" such as where counsel "entirely failed to subject the prosecution's case to meaningful adversarial testing or was totally absent, or prevented from

-7-

assisting the accused during a critical stage of the proceeding."
United States v. Hughes, 514 F.3d 15, 18 (D.C. Cir. 2008).

A court hearing an ineffectiveness claim must consider the
totality of the evidence before the jury.  Strickland, 466 U.S. at
695.  Likewise, a verdict only weakly supported by the record is
more likely to have been affected by errors than one with
overwhelming record support. Id.

Notwithstanding any of the alleged deficiencies of trial
counsel described above, there was abundant evidence before the
jury that Petitioner was guilty of conspiring to assist Jenkins
evade authorities by helping him procure fraudulent identification
documents.  In his Motion, Petitioner relies heavily on the fact
that trial counsel did not pursue the issue of whether Jenkins had
access to identification documents in Petitioner's house before he
became a fugitive.  Whether or not this is true, it is hard to see
its relevance with respect to Jenkins' conduct after he violated
his parole.  It was only once an arrest warrant had been issued
that Jenkins needed Petitioner's help in creating a false identity.
The Government presented evidence that Petitioner supplied Jenkins
with identity information about two of his former lovers as well as
additional government identification cards.  For example,
Petitioner drove Jenkins to a pawn shop to receive a false ID card
and obtained numerous other false membership cards for Jenkins.
Tr. at 43-50 (Oct. 25, 2002). Indeed, Jenkins had been arrested
using one of the names of Petitioner's former lovers, but was

-8-

released from custody before his true identity was known.  Id. at 53.

The Petitioner argues that counsel did not do enough to convince the jury that Jenkins had access to a scrapbook of identification documents before he was consumed by alcoholism, and was able to gain access to them and use them without Petitioner's help.  However, trial counsel did attempt to introduce the scrapbook as an exhibit, but this Court ruled it was inadmissible hearsay.  The Court of Appeals held that it was error not to admit the scrapbook, but this error was harmless because it did not have a "substantial effect or influence in determining the jury's verdict."  United States v. Coumaris, 399 F.3d 343, 349 (D.C. Cir. 2005).  Indeed, the jury heard testimony about the contents of the scrapbook, and Jenkins himself testified that he had looked at it and had access to it.  Id.  Thus, trial counsel cannot be found ineffective for not further pursuing a course of action which the Court of Appeals has already found non-prejudicial.

Finally, the Petitioner argues that counsel failed to properly notify him to return to court once the jury had reached its verdict, and that this caused the Court to hold him without bond pending sentence.  However, this Court specifically said that the Petitioner's tardiness did not affect its decision.  Tr. at 13-14 (Nov. 6, 2002).

Given the entire record, including the numerous pre-trial motions, counsel's performance during the trial itself, and the

-9-

strong evidence that the Petitioner assisted Jenkins in procuring false identification documents, counsel's representation of the Petitioner was not objectively unreasonable, and even if it was, there was no reasonable probability that the results of the proceeding would have been different.

### C.   No Hearing Is Required on This Motion

Given the Court's conclusion that no prejudice to the Petitioner occurred, no hearing is required on Petitioner's motion. A hearing is not required if a court determines that the alleged deficiencies of counsel did not prejudice the Petitioner. <u>United States v. Weaver</u>, 234 F.3d 42, 46 (D.C. Cir. 2000). When the judge deciding a Section 2255 motion also presided at trial, the court's decision not to hold a hearing is "generally respected as a sound exercise of discretion." <u>United States v. Toms</u>, 396 F.3d 427, 437 (D.C. Cir. 2005).

### III. CONCLUSION

For the reasons stated herein, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate Conviction and Set Aside Sentence is **denied.** The Court finds that Petitioner did not receive ineffective assistance of counsel and even if counsel's representation was deficient, Petitioner was not prejudiced.

An Order will issue with this opinion.

_October 7, 2009_
Date

_/s/ Gladys Kessler_
Gladys Kessler
United States District Judge

-10-